UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SAUCE IT UP, L.L.C. | * | CIVIL ACTION |
| VERSUS | * | NUMBER: 06-4814 |
| MURPHY OIL USA, INC. | * | SECTION "L" (2) |

### ORDER & REASONS

Before the Court is the Plaintiff's Motion for a New Trial (Rec. Doc. 79). For the following reasons, the Plaintiff's motion is now DENIED.

This post-Katrina oral contract dispute between Plaintiff Sauce It Up, L.L.C. d/b/a Café Freret and Defendant Murphy Oil USA, Inc. came before the Court for trial without a jury on February 6 and 7, 2008. On February 25, 2008, the Court issued its Findings of Fact and Conclusions of Law pursuant to Rule 52(a) of the *Federal Rules of Civil Procedure*, dismissing both the Plaintiff's claims and the Defendant's counterclaims. *See* Rec. Doc. 75. An appropriate Judgment followed on February 27, 2008. *See* Rec. Doc. 78. On March 7, 2008, the Plaintiff filed the instant motion for a new trial, seeking relief under Rule 59.

Rule 59 provides that a new trial may be granted "on all or some of the issues . . . after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Fed. R. Civ. P. 59(a). Although Rule 59(a) does not list specific grounds for a new trial, the United States Court of Appeals for the Fifth Circuit has held that a new trial may be granted if "the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v.*

1

*Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985) (citations omitted); *see also McFadden v. Wal-Mart Stores*, No. 04-2547, 2006 WL 3087164, at *2 (E.D. La. Oct. 27, 2006).

In the instant motion, the Plaintiff argues that the Court committed prejudicial error in two respects. First, the Plaintiff argues that the Court erred by requiring corroboration of the term of the oral contract. Second, the Plaintiff argues that the Court erred by not finding that the oral contract had a minimum duration of three months, in light of various alleged "admissions" by the Defendant. The Court will address each argument in turn.

First, with respect to corroboration, the Court set forth the applicable law in its Findings of Fact and Conclusions of Law, and will not repeat itself here. The Plaintiff argues that the Court imposed a more stringent burden by requiring that the Plaintiff present corroborating evidence of the term of the oral contract in this case. The Plaintiff relies on the fact that "[a]lthough corroboration [of a plaintiff's claim of an oral contract] is required, only general corroboration must be shown, not independent proof of every detail of his testimony." *Lakewood Estates Homeowner's Ass'n, Inc. v. Markle*, 847 So. 2d 633, 637 (La. App. 4 Cir. 4/20/03). While it is true that a plaintiff need not corroborate every detail of an oral contract claim, the disputed term of the contract in this case is no mere detail. Allowing the Plaintiff to establish the most important issue in this case based solely on his own testimony would essentially eliminate the corroboration requirement altogether. But assuming for the sake of argument that the Plaintiff need not present corroborating evidence of this integral aspect of the oral contract, the Court alternatively finds that the Plaintiff's testimony regarding the term of the contract is not credible. Indeed, to the extent that a credibility determination is required, the Court is persuaded by Susan Hogg's testimony that the parties did not agree to a specific

contractual term.

Second, the Court finds that the Plaintiff's argument that the Defendant judicially admitted to a minimum term of three months is both untimely and meritless.  For the first time in this case, in a post-trial, post-judgment motion, the Plaintiff formally asks the Court to find that the Defendant has made a judicial confession regarding the term of the oral contract, as discussed by Article 1853 of the Louisiana Civil Code.  As the Court noted in its Findings of Fact and Conclusions of Law, "[i]n several pretrial letters and pleadings, counsel for Murphy suggested that the term of the contract may have been three months."  *See* Rec. Doc. 75.  However, the Plaintiff never requested that the Court make a formal finding under Article 1853 with respect to these statements, and it is too late for such a request now.  Nevertheless, on the merits, the Court finds that the Defendant has never made a "judicial confession" regarding the term of the oral contract.  Indeed, this was the central issue in the case, and the Defendant contested the Plaintiff's allegation that a term had been agreed upon throughout this entire litigation.  Such circumstances do not support a finding of judicial confession.  *See, e.g., Leday v. Safeway Ins. Co. of La.*, 888 So. 2d 1084 (La. App. 3 Cir. 11/17/04).

Accordingly, for the foregoing reasons, IT IS ORDERED that the Plaintiff's Motion for a New Trial (Rec. Doc. 79) is DENIED.

New Orleans, Louisiana, this  9th   day of  April , 2008.

_____
UNITED STATES DISTRICT JUDGE